**In re Robin Duane SCHILDKNECHT, Debtor.**

**Bankruptcy No. 38000505.**

United States Bankruptcy Court, W.D. Kentucky.

Dec. 12, 1985.

John A. Majors, Louisville, Ky., for L & N Employees Federal Credit Union.

Joseph Golden, Louisville, Ky., for debtor.

William Lawrence, Louisville, Ky., Trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Interest on secured claims in Chapter 13 receives our attention here. We addressed the general subject early under the Bankruptcy Code with *In re Benford,* 14 B.R. 157 (Bkrtcy.W.D.Ky.1981), holding that secured creditors are entitled to interest on the value of their claims at current market rates during the pendency of a Chapter 13 plan. We are now called upon to refine the *Benford* rule with respect to the timing

and manner of presentation of interest claims.

In the Chapter 13 case of Robin Schildknecht, the L & N Employees Federal Credit Union filed an initial proof of claim in the amount of $4805, the total of 31 unpaid monthly installments of $155 on a secured auto loan. It is not possible to determine from the proof of claim and supporting documents how much of the $4805 represents principal and how much is attributed to accrued interest on the date of filing. As to form, the initial claim was in substantial compliance with this court's Local Rule 10 governing proofs of claim.[1]

Three years later, with the Schildknecht Chapter 13 plan at the point of completion, the credit union filed a supplemental claim for *Benford* -type interest in an unstated amount. It is this claim to which the debtor objects, arguing that he had paid out the total of $4805 which comprised the credit union's initial claim; has earned his fresh start by satisfying all of his other obligations under the plan; and should be protected by equity from this last-minute surprise demand.

The creditor argues that its supplemental proof of claim is consistent with local practice and common sense. It is impossible to exactly determine until near the end of a Chapter 13 plan how much interest must be paid, so the argument goes, because many if not most Chapter 13 plans are attended by court-sanctioned moratoria and delays in payment necessitated by illness, unemployment or other reasons. Such delays occured in this case, the credit union points out, and creditors should not be required to finance (by sacrificing their interest) extensions of a Chapter 13 plan beyond the length authorized by the Order of Confirmation.

■ We agree with the creditor's reasoning and endorse the long-standing practice before this court of filing supplemental proofs of claim at any time during the

---

1. Local Rule 10 became effective Jan. 1, 1984, and does not control this 1980 case. Its predecessor Rule 16, effective May 1, 1980, addressed the requirements of filing proofs of claim only in the most general way. But the L & N claim, as we have said, would satisfy even the stricter requirements of the current rule.

pendency of a Chapter 13 plan. Given that the economic circumstances of debtors here are always marginal and frequently in mortal flux during the period of Chapter 13 performance, it would be a practical impossibility to compute interest at the outset of a plan.

Assuming creditor compliance with Rule 10 and timely performance by the debtor through the life of the plan, no prejudice or even inconvenience would come to either party from the rule we adopt here. In future cases we will entertain as timely all supplemental proofs of claim for *Benford* interest which are filed no later than 30 days prior to the entry of discharge. The discharge date stands as the logical terminus of virtually all creditors' rights, and a rule that supplemental claims be filed 30 days prior to that meaningful date will facilitate Chapter 13 administration, allow late but substantive relief to the creditor, and permit the debtor's fresh start to commence on schedule, without confusion or continuation. By separate communication we will instruct the Chapter 13 Trustee's office on an appropriate mechanism for the handling of *Benford* claims by secured creditors.

Interest charges against debtors should be tolled as of the time the principal debt is retired in full. As we have earlier noted, the Schildknecht case, despite its extended history, still does not lend itself to that determination. The parties will therefore be directed to consult upon this mathematical derivation with Chapter 13 Trustee William Lawrence, whose recommendation to the court on the amount and treatment of *Benford* interest will be given all but conclusive effect.

One final matter remains as the subject of a court hearing. The creditor has petitioned for its attorneys fees incurred in collection of the Schildknecht debt. Since a provision to that effect was contained in the original contract between the parties, the credit union would appear to have a caselaw right to compensation for such costs, subject only to this court's finding of reasonableness of amount. A hearing on that subject will be assigned by an order to accompany this opinion.